IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-MC-87-JG

| | | |
|---|---|---|
| MIHAI ILINCA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BOARD OF COOPERATIVE | ) | |
| EDUCATIONAL SERVICES, NASSAU, | ) | |
| and LOUISE FLYNN, | ) | |
| | ) | |
| Defendants. | ) | |

This proceeding is one for enforcement of two subpoenas for the deposition of non-party Margaret Fasano issued by counsel for the remaining defendant, Board of Cooperative Educational Services, Nassau ("defendant"), from the United States District Court for the Eastern District of New York ("EDNY") in an employment action in that court, brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, bearing the caption above and assigned civil action no. 13 CV 3500 (JS)(AKT). (*See, e.g.*, Amended Verified Compl. (D.E. 2-22 at pp. 2-12)). The subpoenas, one scheduling the deposition for 23 April 2015 (D.E. 2-16 at pp. 3-5) and the other for 13 May 2015 (D.E. 2-19 at pp. 3-5), specified the place for the deposition as a location in this district, to which Ms. Fasano apparently moved from the New York City area during the course of the litigation. Ms. Fasano is a health-care provider who previously treated plaintiff Mihai Ilinca ("plaintiff") and purportedly has information as a fact witness relevant to the EDNY action.

Defendant has moved in this court (*see* D.E. 1), pursuant to Fed. R. Civ. P. 37(a)(1) and (2) and 45(g), for an order compelling Ms. Fasano to appear and give deposition testimony

pursuant to "the subpoena," presumably one of the two described, and requiring her to show cause why she should not be held in contempt for noncompliance with the subpoena. (Mot. 1). Defendant filed a memorandum (D.E. 2) with numerous exhibits in support of its motion. Neither Ms. Fasano nor plaintiff has filed a response to the motion, and the time for doing so has expired. The motion will be denied.[1]

A subpoena must be served on the person to whom it is addressed in order to have binding effect on that person. *See, e.g.*, Fed. R. Civ. P. 45(b) (providing for service of subpoenas); *Hernandez v. Tregea*, No. 2:07-cv-149-FtM-34SPC, 2008 WL 3157192, at *3 (M.D. Fla. 4 Aug. 2008) ("Rule 45 permits a party to procure discovery from a non-party through the issuance and service of a subpoena. Indeed a properly issued and served subpoena provides a court with jurisdiction over a non-party witness within the court's territorial jurisdiction with respect to the discovery requested in the subpoena."). "Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). The evidence defendant has submitted clearly shows that Ms. Fasano was not served with either of the subpoenas as required under Rule 45(b)(1).

With respect to the subpoena setting the deposition for 23 April 2015, counsel for defendant states in a declaration filed in support of the motion that Ms. Fasano had agreed to appear for her deposition on that date, but balked when defendant would not pay the professional fees she requested for preparation for and attendance at the deposition. (Decl. of Gerald S. Smith ("Smith Decl.") (D.E. 2-4 at pp. 2-7) ¶¶ 6-12). Counsel next states:

> Defendant then enlisted a vendor to serve Ms. Fasano with a subpoena memorializing the April 23rd deposition and to provide Ms. Fasano with a check

---

[1] This order was originally signed and intended for filing on 5 October 2015. It was discovered today, 10 December 2015, that the order was not filed on 5 October 2015 as intended or thereafter, presumably through inadvertence. The instant copy of the order was signed and dated today.

2

covering her appearance and mileage fees. See Subpoena and Letter dated April 16, 2015, attached hereto at Exhibit J [D.E. 2-16]. That vendor, in turn, and pursuant what Defendant understands is normal operating procedure, enlisted the Sheriff's Office of Johnson County, North Carolina, to physically serve that subpoena on Ms. Fasano. Defendant was later informed, however, that *while the Sheriff's Office made several attempts to serve Ms. Fasano at her home, she was never there and it was against the policy of the Sheriff's office to leave a copy of the subpoena at the home.*

(*Id.* ¶ 13) (emphasis added). Thus, the subpoena for the 23 April 2015 date was never served.

After obtaining an extension of time to take Ms. Fasano's deposition (*see id.* ¶ 17), defendant attempted service of the subpoena rescheduling the deposition for 13 May 2015 (*see id.* ¶ 18). Defendant's counsel states:

Defendant then once again enlisted a vendor to serve Ms. Fasano with a revised subpoena, and the vendor once again enlisted the Johnson County Sheriff's office to serve Ms. Fasano with that subpoena. *After several attempts, however, the Sheriff's office informed Defendant that, on at least one occasion, someone was home but refused to open the door, and on another occasion the person who answered the door at Ms. Fasano's residence had refused to accept the subpoena.* See Documents attached hereto at Exhibit M [D.E. 2-19].

(*Id.*) (emphasis added). Therefore, the subpoena for the 13 May 2015 date was also not served.

Notwithstanding the foregoing evidence from defendant, it contends that Ms. Fasano was, in fact, served with "the subpoena." (Def.'s Mem. 7). Defendant relies on a Civil Conference Minute Order (D.E. 2-21 at p. 3) entered in the EDNY action on 15 June 2015 by a magistrate judge following a telephone status conference with counsel that day. The conference was one of a series of communications counsel had with the EDNY about deposing Ms. Fasano. (*See, e.g.*, 26 Mar. 2015 Ltr. from Atty. Smith to EDNY (D.E. 2-12 at pp. 3-4); 9 Apr. 2015 EDNY Order (D.E. 2-13 at pp. 2-13); 29 May 2015 Civ. Conf. Min. Order (D.E. 2-21 at pp. 2-3)). The provision in the order upon which defendant relies reads: "Ms. Fasano was served with a

3

subpoena by the defendant out of the Eastern District of New York." (15 June 2015 EDNY Civ. Conf. Min. Order). The full text of the order reads:

> Following up on out last conference, defendant's counsel reported today that his client wishes to pursue action to obtain the deposition of non-party witness Margaret Fasano. *Ms. Fasano was served with a subpoena by the defendant out of the Eastern District of New York.* As previously discussed, in order for the defendant to obtain jurisdiction over non-party Fasano for purposes of enforcing the subpoena, counsel must file a motion in the federal court for the Western District of North Carolina seeking to compel such compliance. Defendant's counsel has been in touch with the Clerk's Office in the WDNC.
>
> I have directed defendant's counsel to advise me in writing filed on ECF by July 15, 2015 (or sooner if the matter is resolved) as to the status of the subpoena and Ms. Fasano's deposition. Meanwhile, all other matters here remain on hold.

(*Id.*) (emphasis added).

Defendant's reliance on the provision in the 15 June 2015 order is misplaced. The order does not specify the subpoena to which it refers and it is not otherwise apparent that the referenced subpoena is one of the two defendant seeks to have enforced. Indeed, the order indicates that enforcement would require that a motion be filed in the federal court for the "Western District of North Carolina" and that defendant's counsel had contacted the clerk's office in the "WDNC." (*Id.*). Under Rule 37(a)(2), a motion for enforcement of a deposition subpoena must be brought in the district where the deposition is to be taken. Thus, the order signifies that the subpoena it was addressing provided for the deposition to be taken in the Western District of North Carolina. In contrast, of course, the subpoenas defendant has produced for the 23 April 2015 and 13 May 2015 deposition dates specify a location for the deposition in this district. While it is conceivable that the order simply confused this district with the Western District of North Carolina, defendant is certainly not entitled to such an indulgent presumption.

It is also not clear that the provision at issue was intended to be a determination that Ms. Fasano was effectively served with the subpoena it references. The focus of the order is case scheduling. The provision could plausibly be read as simply an informal description of the background of this matter to explain the ruling on scheduling (*i.e.*, requiring a status report on the deposition from defendant's counsel and keeping all other matters on hold). Doubt that the provision is intended to signify effective service is the further statement that defendant must file a motion in order to obtain jurisdiction over Ms. Fasano. If she had been served effectively, such service would have already conferred jurisdiction.

In any event, the EDNY order was issued in proceedings before that court regarding the deposing of Ms. Fasano. Jurisdiction over enforcement of any subpoenas served on Ms. Fasano for her deposition, if to be held in this district, lies with this court. *See* Fed. R. Civ. P. 37(a)(2). A necessary consideration in making that determination is whether Ms. Fasano has, in fact, been effectively served. It is therefore doubtful that the provision in the EDNY order at issue was intended to be binding or, more fundamentally, could be binding in this court's determination on enforcement.

For this and the other reasons stated, defendant's motion (D.E. 1) is DENIED. The denial is necessarily without prejudice to defendant's seeking enforcement, as appropriate, of any future deposition subpoena addressed to Ms. Fasano.

SO ORDERED, this 10th day of December 2015.

James E. Gates
United States Magistrate Judge

5